```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------X
SEAN MINGO,
                    Plaintiff,

        -against-                          COMPLAINT

CITY OF NEW YORK, GREGORY
JEAN-BAPTISTE, and JOHN DOE,               PLAINTIFF DEMANDS
                                           A TRIAL BY JURY
                    Defendants.
------------------------------X
```

Plaintiff Sean Mingo, by his attorneys, Lumer & Neville, as and for his Complaint, hereby alleges as follows, upon information and belief:

## PARTIES, VENUE and JURISDICTION

1. At all times hereinafter mentioned, plaintiff Sean Mingo was an adult male resident of Kings County, in the State of New York.

2. At all relevant times hereinafter mentioned, defendant City of New York ("New York City"), was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York and acts by and through its agencies, employees and agents, including, but not limited to, the New York City Police Department ("NYPD"), and their employees.

3. At all relevant times hereinafter mentioned, defendant Gregory Jean-Baptiste, Shield 6454, was employed by the City of New York as a member of the NYPD. Defendant Jean-Baptiste is sued herein in his official and individual capacities.

4. At all relevant times hereinafter mentioned, defendant John Doe, was

employed by the City of New York as a Police Officer with the NYPD. Defendant Doe is sued herein in his official and individual capacities.

5. This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331, 1343 and 1367, and 42 U.S.C. § 1983.

6. Venue is properly laid, pursuant to 28 U.S.C. Section 1391, et seq. in the Eastern District of New York, where the plaintiff and defendant City of New York reside, and where the majority of the actions complained of herein occurred.

## RELEVANT FACTS

7. On August 18, 2012, at or shortly after 12:00 am, plaintiff was present inside a common area on the lobby floor of an apartment located at 585 East 32nd Street, Kings County, New York (the "Premises").

8. Plaintiff resided in an apartment within the Premises.

9. Plaintiff had gone to first floor of the Premises to throw out some garbage.

10. As plaintiff entered the room where the building maintained garbage cans for the tenants, he encountered the two defendants.

11. The defendants were both on duty and wearing plainclothes.

12. The defendants seized, frisked, and handcuffed plaintiff without explanation.

13. Plaintiff had not engaged in any criminal conduct, nor had he engaged

2

in any conduct that could reasonably have been mistaken as criminal.

14. Defendants lacked sufficient legal basis to detain plaintiff, much less arrest him, and there was no reasonable basis for defendants to believe any such cause existed.

15. Plaintiff was transported to a local area NYPD station house, where his arrest was processed and plaintiff was informed that he was being charged with criminal possession of a handgun.

16. Plaintiff was detained for a period of time before being transported to Kings County Central Booking, where he was held for an additional period of time, until he was arraigned.

17. While plaintiff was imprisoned by the defendants, defendant Jean-Baptiste completed arrest paperwork in which he expressly claimed that he personally recovered a handgun from plaintiff which was loaded with 28 rounds of ammunition.

18. In actuality, plaintiff did not actually or constructively possess a handgun or ammunition, and there was no reasonable basis for the defendants to believe that he did possess such items.

19. Thus, this claim was materially false and Jean-Baptiste and his partner, defendant Doe, knew it to be false at the time they were made.

20. Jean-Baptiste, with the assistance or complicity of defendant Doe, forwarded these false allegations to the Kings County District Attorney ("KCDA") in order to justify the plaintiff's arrest and to persuade the KCDA to initiate the plaintiffs' criminal

prosecution.

21.     The defendants knew and understood that plaintiff had been arrested without cause, that there was no basis for his arrest, that he was not in possession of a handgun or ammunition, and that any claims would be materially false.

22.     The defendants knew and understood that the KCDA, in evaluating whether to commence a criminal prosecution against the plaintiff, would rely on the truthfulness of defendants' factual claims and statements, and would proceed on as assumption that all of these factual statements and claims were truthful in all material respects, and that no material or exculpatory information had been withheld.

23.     As a direct result of these false allegations by the defendants, the plaintiff was were criminally charged by the KCDA under docket 2012KN069432 with violating NY Penal Law §§ 265.03 and 265.01, which are for criminal possession of a weapon in the second and fourth degrees, respectively. The former is a C felony, while the latter is an A misdemeanor.

24.     Bail in the amount of $25,000 was set at plaintiff's arraignment. As plaintiff was unable to immediately post bail, he was taken into defendants' custody and transported to Rikers Island, where he was held in the municipal defendants' custody.

25.     Plaintiff was able to post bail and was released from defendants' custody on or about August 24, 2012, although his criminal prosecution continued.

26.     The case was presented to a grand jury at which time the grand jury refused to indict plaintiff, returning a verdict of no true bill.

27. On October 23, 2012, on the motion of the KCDA, all charges against plaintiff were dismissed and sealed, and the action was terminated in plaintiff's favor.

28. At no time prior to or during the encounter did probable cause to arrest the plaintiff exist, nor was it reasonable for the defendants to believe that there was probable cause to arrest plaintiff.

29. At no time did either of the individual defendants take any steps to intervene in, prevent, or otherwise limit the misconduct engaged in by the other individual defendant against the plaintiff.

30. The individual defendants intentionally and deliberately gave false statements and/or failed to file accurate or corrective statements, or otherwise failed to report the conduct of the defendants who engaged in the misconduct described herein as required.

31. That at all times relevant herein, the defendants were acting within the scope of their employment, and their acts were done in furtherance of the City of New York's interests and without legal justification or excuse.

## FIRST CAUSE OF ACTION

32. Plaintiff repeats the preceding allegations as though stated fully herein.

33. Defendants willfully and intentionally seized, searched, detained, and arrested plaintiff, and caused him to be imprisoned, without probable cause, and without a reasonable basis to believe such cause existed.

34. Defendants willfully and intentionally fabricated evidence and denied plaintiff a fair trial by falsely claiming that they recovered a weapon and ammunition from plaintiff's possession, and then forwarded these materially false factual claims to the KCDA in order to justify their arrest of plaintiff, to cause the initiation of criminal process against plaintiff, and which resulted in the deprivation of his liberty.

35. Defendants caused plaintiff to be subjected to a malicious prosecution by causing the commencement of his prosecution through the submission of false and fabricated evidence to the KCDA.

36. By so doing, the individual defendants, individually and collectively, subjected the plaintiff to (i) false arrest and imprisonment, (ii) the deprivation of his right to a fair trial through the use of fabricated evidence, and (iii) malicious prosecution, and thereby violated, and aided and abetted in the violation of plaintiff's rights under the Fourth, Sixth, and Fourteenth Amendments of the United States Constitution.

37. By reason thereof, the individual defendants have violated 42 U.S.C. §1983 and caused plaintiff to suffer emotional and physical injuries, mental anguish, monetary damages, incarceration and the deprivation of liberty, and the loss of his constitutional rights.

## SECOND CAUSE OF ACTION

38. Plaintiff repeats the preceding allegations as though stated fully herein.

39. Defendant City of New York was responsible for ensuring that

reasonable and appropriate levels of supervision were in place within and/or over the NYPD.

40. Defendant had actual or constructive knowledge that there was inadequate supervision over and/or within the NYPD with respect to its members' abuse of their authority, use of excessive force, abuse of arrest powers, and other blatant violations of the United States Constitution and the rules and regulations of the NYPD. Despite ample notice of inadequate supervision, defendants took no steps to ensure that reasonable and appropriate levels of supervision were put place to reasonably ensure that NYPD members engaged in police conduct in a lawful and proper manner, including their use of their authority as law enforcement officers with respect to the general public, including, and specifically, the plaintiff herein.

41. The defendant City of New York deliberately and intentionally chose not to take action to correct the chronic, systemic, and institutional misuse and abuse of police authority by its NYPD employees, and thereby deliberately and intentionally adopted, condoned, and otherwise created through deliberate inaction and negligent supervision, an NYPD policy, practice, and custom of utilizing illegal and impermissible searches, arrests, and detentions, and the manufacturing of evidence, in the ordinary course of NYPD business in flagrant disregard of the state and federal constitutions, as well as the Patrol Guide, up to and beyond the plaintiff's arrest.

42. The acts complained of herein are a direct and proximate result of the failure of the City of New York and the NYPD properly to select, train, supervise,

investigate, promote and discipline police and correction officers and supervisory officers.

43. The failure of the City of New York and the NYPD properly to select, train, supervise, investigate, promote and discipline police and correction officers and supervisory officers constitutes gross and deliberate indifference to unconstitutional conduct by those officers.

44. The official policies, practices and customs of the City of New York and the NYPD alleged herein violated plaintiffs' rights guaranteed by 42 U.S.C. § 1983, the Fourth, Sixth, and Fourteenth Amendments to the Constitution of the United States.

45. All of the acts and omissions by the individual defendants described above were carried out pursuant to overlapping policies and practices of the municipal defendant in their capacities as police officers and officials pursuant to customs, policies, usages, practices, procedures, and rules of the City and the NYPD, all under the supervision of ranking officers of the NYPD.

46. In an Order dated November 25, 2009, in *Colon v. City of New York,* 09-CV-0008 (E.D.N.Y.), the Hon. Jack B. Weinstein stated:

> Informal inquiry by the court and among the judges of this court, as well as knowledge of cases in other federal and state courts, has revealed anecdotal evidence of repeated, widespread falsification by arresting police officers of the New York City Police Department. Despite numerous inquiries by commissions and strong reported efforts by the present administration -- through selection of candidates for the police force stressing academic and other qualifications, serious training to avoid constitutional violations, and strong disciplinary action within the department -- there is some evidence of an attitude among officers that is sufficiently widespread to constitute a custom or policy by the city approving illegal conduct of the kind now charged.

47. Therefore the municipal defendant has not only tolerated, but actively

fostered a lawless atmosphere within the NYPD and that the City of New York was deliberately indifferent to the risk that the inadequate level of supervision would lead to the violation of individuals' constitutional rights in general, and caused the violation of the plaintiff's rights in particular.

48. By reason thereof, the individual defendants have violated 42 U.S.C. §1983 and caused plaintiff to suffer emotional and physical injuries, mental anguish, monetary damages, incarceration and the deprivation of liberty, and the loss of his constitutional rights.

## DEMAND FOR A JURY TRIAL

Pursuant to Fed. R. Civ. P. 38, plaintiff hereby demands a jury trial of all issues capable of being determined by a jury.

]

]

Remainder of Page Intentionally Blank

]

]

WHEREFORE, the plaintiff demands judgment against defendants jointly and severally as follows:

    i.    on the first cause of action, actual and punitive damages in an amount to be determined at trial;

    ii.    on the second cause of action, actual damages in an amount to be determined at trial;

    iii.    statutory attorney's fees pursuant to, *inter alia*, 42 U.S.C. §1988 and New York common law, disbursements, and costs of this action; and

    iv.    such other relief as the Court deems just and proper.

Dated:  New York, New York
         April 25, 2015

                              LUMER & NEVILLE
                              Attorneys for Plaintiff
                              225 Broadway, Suite 2700
                              New York, New York 10007
                              (212) 566-5060

By: _____
      Michael Lumer (ML-1947)